IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUIS DIAZ, and all others similarly situated under 29 U.S.C. § 216(B), | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:13-cv-466-L (BF) |
| JASMINE CHEN, INC. d/b/a RESTAURANT JASMINE a/k/a JASMINE UNIQUELY CHINESE, CONNIE LEE, and LEE CHEN, Defendants. | § § § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, to the United States Magistrate Judge for pretrial management. For the following reasons, the District Court should DISMISS this case without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

Plaintiff Jose Luis Diaz ("Diaz") filed this lawsuit on January 31, 2013 seeking unpaid overtime wages for work performed as a cook and cleaner in Defendants' restaurant. Thereafter, the Court entered a Pretrial Scheduling Order requiring, among other things, that the parties and their respective lead counsel meet for a settlement conference no later than January 10, 2014. *See* Pretrial Scheduling Order (Doc. 13) at 1-2, ¶ 4. On January 15, 2014, the parties advised the Court that Diaz failed to attend a settlement conference scheduled for January 7, the date proposed by Plaintiff's counsel. *See* Joint Settlement Status Report (Doc. 17) at 1, ¶ 1. Diaz also failed to make any

settlement demand or provide a written itemization of damages for Defendants' review despite their professed willingness to negotiate a settlement. *Id.* at 2. Plaintiff's counsel explained that Diaz did not attend the settlement conference because he had not been in contact with his client since late December 2013 and was unable to confirm the date of the conference with him. *Id.*

The Court scheduled a hearing on the settlement conference report for January 31, 2014 and ordered Diaz to attend the hearing in person. Order (Doc. 18). However, Diaz failed to appear as required. At the hearing, Plaintiff's counsel explained that Diaz did not attend the hearing because -- despite his diligent efforts -- he had not reestablished communication with Diaz and was unable to advise him of the hearing. Plaintiff's counsel requested, and was granted, an additional 30 days to reestablish contact with Diaz. *See* Order (Doc. 21) at 1. The Court ordered Plaintiff's counsel to advise the Court in writing on or before March 2, 2014 that he had reestablished communication with his client and selected a mutually-agreeable date with Defendants for a settlement conference. *Id.* at 2. The Court warned that, if Plaintiff's counsel was unable to reestablish contact with Diaz, it would recommend dismissal of this action pursuant to Fed. R. Civ. P. 41(b). *Id.*

On March 3, 2104, Defendants filed a memorandum stating that they had not received any communication from Plaintiff's counsel that he had successfully reestablished communication with Diaz. As of today, the Court similarly has not been advised that Plaintiff's counsel has reestablished communication with Diaz.

## Legal Standards and Analysis

Fed. R. Civ. P. 41(b) allows a court to dismiss an action by motion or *sua sponte* for a party's failure to prosecute or comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). "This authority flows from the court's

2

inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The dismissal may be with or without prejudice. However, "[a] dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880. "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

In this case, Diaz failed to attend a settlement conference on January 7, 2014 and failed to comply with the Court's order to appear for the January 31, 2014 hearing on the Joint Settlement Conference Report. Plaintiff also has failed to make any settlement demand or provide a written itemization of damages for Defendants' review despite their willingness to negotiate a settlement. Nor has Plaintiff maintained effective communication with his lawyer. The litigation cannot proceed under these circumstances and that inability to proceed is directly attributable to Plaintiff's failure to prosecute this action and comply with Court orders. Dismissal is clearly warranted under these circumstances. Because there is no suggestion of purposeful delay or contumacious conduct, the dismissal should be without prejudice. *McCullough v. Lynaugh*, 835 F.2d 1126, 1126 (5th Cir. 1988) (affirming dismissal of claims without prejudice where plaintiff failed to appear at a status conference).

## RECOMMENDATION

The District Court should DISMISS this case without prejudice pursuant to Fed. R. Civ. P. 41(b).

SO RECOMMENDED, March ___, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).